UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AURELIAS MARSHALL,

    Petitioner,

v.

THOMAS WINN,

    Respondent.

Case No. 20-13178
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITIONER'S "APPLICATION FOR CERTIFICATE OF APPEALABILITY" [24]**

    Aurelias Marshall filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On November 7, 2023, the Court denied Marshall's petition (ECF No. 19) and issued a certificate of appealability as to his deadlocked jury instruction claim (ECF No. 20). The Court denied a certificate of appealability as to Marshall's other claims but granted leave to proceed *in forma pauperis* on appeal. (*Id.*) These orders were successfully served upon Marshall, yet three weeks later he filed an "application for certificate of appealability." (ECF No. 24.) He also filed a notice of appeal. (ECF No. 22.)

    As mentioned, however, the Court has already ruled on the certificate of appealability issue. Perhaps Marshall intended to bring a motion for reconsideration of that ruling. *See Bey v. Capello*, No. 10-15068, 2011 U.S. Dist. LEXIS 78231, at *1–2 (E.D. Mich. July 19, 2011). But Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsideration of final orders or judgments. Instead,

consistent with the Local Rules, the Court construes Marshall's motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or for relief from judgment under Rule 60(b).

Rule 59(e) provides that a party may move "to alter or amend a judgment" within 28 days of its entry. Relief under this provision is discretionary. *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id*. Importantly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id*. (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

In his motion, Marshall claims:

> "The USDC did not reach the merits of the Constitutional claims of Ineffective Assistance of Counsel, but denied relief because of a procedural issue. Petitioner argues factual findings will reveal Exhaustion Requirements met. The Court should issue a certificate of appealability because Petitioner has alleged that pursuant to 28 U.S.C. § 2253 he has shown: that reasonable jurists would find this court's 'assessment of the constitutional claims debatable or wrong,' and that reasonable jurists would find 'it debatable whether the petition states a valid claim of the denial of a constitutional right.' And 'debatable whether the USDC was correct in its procedural ruling.'"

(ECF No. 24, PageID.3075.) This does not satisfy any of the required criteria.

Marshall says the Court did not reach the merits of his ineffective assistance of counsel claims and that "factual findings will reveal Exhaustion Requirements met." *Id*. True, the Court denied several of Marshall's claims on procedural grounds,

2

including some claims related to ineffective assistance of counsel, because he did not present these claims before any state court or show good cause to excuse this failure. (*See* ECF No. 19, PageID.3032–3035.) But Marshall provides no new evidence or facts that would suggest his claims were actually exhausted in the state courts. And contrary to Marshall's bare assertion, the Court finds it highly unlikely that any new "factual findings will reveal Exhaustion Requirements met," unless they can turn back time to allow Marshall to raise these claims in his post-conviction motion. So "no jurists of reason would find it debatable whether the district court was correct in finding" these claims are procedurally defaulted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Marshall does not raise any specific issues with the Court's denial of a certificate of appealability as to his other claims. He instead disagrees generally with the Court's finding that "reasonable jurists would not debate the Court's conclusions with respect to the majority of Marshall's claims. . . . given the deferential standards of the Antiterrorism and Effective Death Penalty Act, *Jackson v. Virginia*, 443 U.S. 307 (1979), and *Strickland v. Washington*, 466 U.S. 668 (1984), as well as considering the facts [here.]" (ECF No. 20, PageID.3068.) But a general disagreement with the Court's holding is not sufficient to warrant an amendment to the judgment.

Marshall's motion also fails under the catchall provision of Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any" other reason that justifies relief (beyond those set forth in Rule 60(b)(1)–(5)). This provision "vests courts with a deep reservoir of equitable power to vacate judgments to achieve

3

substantial justice in the most unusual and extreme situations." *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018). Marshall has not shown that this is such a case. Nothing he argued persuades the Court that it must set aside its prior conclusions regarding the appropriateness of a certificate of appealability. Accordingly, Marshall's motion is DENIED.

As stated in the Court's prior order (ECF No. 20), Marshall's application for a certificate of appealability is granted as to his deadlocked jury instruction claim and denied as to the rest of Marshall's claims; but Marshall is free to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: December 28, 2023

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE