UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AURELIAS MARSHALL,

    Petitioner,

v.

THOMAS WINN, *Warden*,

    Respondent.

Case No. 20-13178
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING MOTION TO REOPEN HABEAS CORPUS PETITION [33]**

---

This Court denied state prisoner Aurelias Marshall's *pro se* habeas petition. (ECF No. 19.) The Sixth Circuit affirmed (ECF No. 29) and the United States Supreme Court denied certiorari (ECF No. 32.) Marshall is now back before this Court on a motion to reopen his habeas petition under Federal Rule of Civil Procedure 60(b) and (d). (ECF No. 33.) He believes the Court erred when it considered his claims procedurally defaulted. (*Id.*) But this motion is untimely. Thus, it is DENIED.

## I. Procedural Background

Marshall was convicted of first-degree felony murder following a jury trial in Kent County Circuit Court in 2015. *See People v. Marshall*, No. 329362, 2017 WL 1337498, at *1 (Mich. Ct. App. Apr. 11, 2017). Marshall's conviction was affirmed on direct appeal and remained intact after post-conviction proceedings. *Id.*

He then filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in December 2020 raising thirteen claims. (ECF No. 1.) The Court

denied the petition in November 2023, finding many of the claims procedurally defaulted. (ECF No. 19.) The Court also issued a certificate of appealability on two of Marshall's claims: (1) that the judge gave an unduly coercive "deadlocked jury"[1] instruction; and (2) that his trial counsel was ineffective for failing to object to that instruction. (ECF No. 20.) Marshall asked the Court to expand the certificate of appealability to other claims (ECF No. 24), but the Court declined to do so. (ECF No. 26.) So too did the Sixth Circuit. (ECF No, 27.) Subsequently, the appeals court affirmed the denial of the habeas petition. (ECF No. 29.) On October 7, 2025, the Supreme Court denied Marshall's petition for writ of certiorari. (ECF No. 32.)

On March 6, 2026, Marshall filed a motion to reopen his habeas corpus petition pursuant to Federal Rule of Civil Procedure 60(b) and (d). (ECF No. 33.)

## II.

## A.

In a habeas case, courts must be wary of a Rule 60(b) motion acting as a second or successive petition in disguise. Indeed, a filing styled as a Rule 60(b) motion is treated as a habeas petition within the meaning of 28 U.S.C. § 2244(b) if it advances a new ground for relief from the state conviction or "attacks the federal court's previous resolution of a [habeas] claim *on the merits.*" *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). In contrast, a "true" Rule 60(b) motion "attacks, not the substance of

---

[1] When a jury is deadlocked, a trial court may give a supplemental instruction encouraging the jury to reach a verdict if possible. *See Allen v. United States*, 164 U.S. 492, 501–02(1896). This is often referred to as an *Allen* charge.

the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532.

Marshall, therefore, frames his motion as challenging a "defect in the integrity of The Federal District Court's proceeding." (ECF No. 33, PageID.3102.) The defect, he says, is that the Court concluded many of his claims were procedurally defaulted and did not consider them on the merits. (*Id.* at PageID.3102.) So he necessarily is not attacking the Court's resolution of these claims on the merits because there was no merits decision. As such, this is a proper Rule 60(b) motion. *See Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir. 2015) ("Sheppard's Rule 60(b) motion is not second or successive to the extent that it challenges the district court's determination that these claims are procedurally defaulted.")

## B.

Under Federal Rule of Civil Procedure 60(b)(1), the Court may relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A challenge to factual or legal errors falls within Rule 60(b)(1)'s ambit. *Kemp v. United States*, 596 U.S. 528, 533 (2022) (explaining that Rule 60(b)(1) applies to both factual and legal errors, including "a judge's errors of law.").

Again, Marshall argues that this Court erroneously found his claims procedurally defaulted when, in his view, they were properly raised in state court. (*Id.*) Thus, he challenges a legal error. *See Scott v. Perry*, No. 11-03119, 2018 WL 1722174, at *3 (W.D. Tenn. Apr. 9, 2018) ("[T]he argument that the Court committed

3

a legal error in concluding that certain claims were procedurally defaulted falls under Rule 60(b)(1)."); *Yarbrough v. Warden, Lebanon Corr. Inst.*, No. 16-4083, 2017 WL 3597427, at \*2 (6th Cir. May 25, 2017) (construing Rule 60(b) motion as Rule 60(b)(1) because petitioner claimed legal error); *Williams v. Curtin*, No. 13-14636, 2019 WL 4164761, at \*4 (E.D. Mich. Sept. 3, 2019) (same).

As such, Marshall's motion is subject to Rule 60(b)(1)'s time limits. A Rule 60(b)(1) motion, must be made "not more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(c)(1). "This time frame is mandatory and cannot be extended by the district court." *Jaiyeola v. Toyota Motor Corp.*, No. 21-1812, 2022 WL 17819776, at \*3 (6th Cir. June 16, 2022). That proscription is fatal to Marshall's motion. This Court denied Marshall's habeas petition on November 7, 2023, yet his Rule 60(b)(1) motion was filed more than two years later, on March 6, 2026. (*Compare* ECF No. 19, *with* ECF No. 33.) Thus, his motion is untimely. *See Bailey v. Chapman*, No. 19-13466, 2020 WL 219565, at \*2 (E.D. Mich. Jan. 15, 2020) (denying Rule 60(b)(1) motion as untimely in habeas case); *Anderson v. Jackson*, No. 05-10194, 2009 WL 10802929, at \*2 (E.D. Mich. Oct. 2, 2009) (same).

Perhaps recognizing the timeliness problem, Marshall casts a wide net in his motion, asserting that his arguments fall within all provisions of Rule 60(b). But they do not. He makes no mention, let alone showing, of newly discovered evidence or fraud. *See* Fed. R. Civ. P. 60(b)(2–3). Nor does he assert that the judgment is void, satisfied, released, or discharged. *See* Fed. R. Civ. P. 60(b)(4–5). And even if he did

4

raise a proper argument under the Rule's other provisions, those come with time limits of their own that Marshall has not met. *See* Fed R. Civ. P. 60(c)(1). That leaves the catchall provision permitting relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision has no specific time bar, but it only applies "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). "Because the Court construes [Marshall's] motion as properly governed by Rule 60(b)(1), relief cannot be granted under Rule 60(b)(6)." *Anderson v. Winn*, No. 18-11133, 2023 WL 1811252, at *2 (E.D. Mich. Jan. 30, 2023).

In sum, Marshall is not entitled to relief under Rule 60(b).

### III.

Marshall also seeks relief from judgment pursuant to Rule 60(d). (ECF No. 33, PageID.3102.) Under this provision, the Court may:

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d)(1–3). Marshall, however, does not raise any allegations of fraud, nor does he claim he was not personally notified of the action, so Rule 60(d)(2) and (3) do not apply.

That leaves Rule 60(d)(1). It is reserved for cases "of unusual and exceptional circumstances." *Littlepage v. Barrett*, No. 20-800, 2020 WL 6882596, at *2 (S.D. Ohio Nov. 24, 2020) (citing *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). In the context of a habeas case, "to establish that relief is required

5

to prevent a grave miscarriage of justice" that would warrant an independent action under Rule 60(d)(1), "[the habeas petitioner] must make a strong showing of actual innocence." *Mitchell v. Rees*, 651 F.3d 593, 596 (6th Cir. 2011). Claims of an "ordinary legal error" will not suffice. *Id.* at 597. But that is all Marshall alleges here—that it was legal error to procedurally default his claims. Marshall had an opportunity to challenge this alleged error many times, including by filing a timely Rule 60(b)(1) motion, yet he did not do so. "[Marshall] has thus failed to show that his case presents 'unusual and exceptional circumstances' which justify the extraordinary remedy requested." *Walker v. McKee*, No. 04-40066, 2010 WL 2231795, at *4 (E.D. Mich. June 2, 2010); *see also Longmire v. McCullick*, No. 17-10148, 2025 WL 1938362, at *3 (E.D. Mich. July 15, 2025) (denying habeas petitioner's Rule 60(d) motion because he had "many opportunities to bring his claim alleging that this Court erred" but failed to do so).

Thus, as Marshall has failed to raise any arguments that satisfy Rule 60(d)'s high bar, relief is unwarranted under this provision as well.

## IV.

For the foregoing reasons, the Court DENIES Marshall's motion to reopen his habeas corpus petition (ECF No. 33).

SO ORDERED.

Dated: April 8, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

6